UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONUEL HERNANDEZ MOYA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. C26-4193-MLP<br>ORDER |

This is Petitioner Ronuel Hernandez Moya's first petition for writ of habeas corpus, filed under 28 U.S.C. § 2241, challenging his immigration detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (*See* dkt. # 1.) Petitioner is a Cuban national who entered the United States near Lukeville, Arizona on November 20, 2023 and "turned himself in" directly to immigration officers. (*Id.* ¶ 2.) After being released on his own recognizance three years ago on November 22, 2023, Petitioner was arrested and detained by ICE on October 14, 2026, and has been continuously held in ICE custody at the NWIPC since. (*Id.* ¶¶ 1, 3; *see* dkt. # 1-9, Ex. H (Order of Release on Recognizance).)

Petitioner alleges that his October 14, 2026 arrest violated his due process rights under the Fifth Amendment and the appropriate remedy is immediate release. (Dkt. # 1, ¶¶ 37-48, 66-74.) He also asks that the Court permanently enjoin Respondents from re-detaining him during the pendency of his removal proceedings "absent advance written notice and a hearing before a neutral decisionmaker" where the government bears the burden by clear and convincing evidence. (*Id.* ¶¶ 49-53.) Petitioner further allege violations of the Administrative Procedure Act. (*Id.* ¶¶ 54-65.)

On October 29, 2026 Petitioner filed the instant habeas petition. On November 2, 2026, the Court issued its standing scheduling order directing Respondents to show cause why the writ should not be granted. (Dkt. # 2.) Respondents did not file a response by their November 16, 2026 deadline nor file notices of appearance in this case.

On October 26, the Court received a letter from the U.S. Attorney's Office for the Western District of Washington ("USAO"). (*See* Ex. 1 hereto.) This letter informed the Court that, going forward, "there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents." (*Id.*) The letter states that the USAO will screen habeas petitions, but "if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition." (*Id.*) When the USAO chooses not to appear, the letter states that "the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case." (*Id.*) The USAO has instead provided the Court with email addresses through which the Court's orders may be sent directly to Immigration and Customs Enforcement.

This Court agrees with the reasoning of others in this District that the American judicial system is fundamentally adverse and depends on the facts and arguments parties present it. *See Singh v. Blanche, et al.*, No. 2:26-cv-04143-TMC, Dkt. 4 at 2 (W.D. Wash. Nov. 7, 2026). Courts do not conduct their own legal and factual investigations and rely on the parties to frame and argue the issues. (*Id.*; citing *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991); *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020).) The USAO letter is the official position of Respondents, and where Respondents have not filed a responsive brief, the Court construes the factual allegations within the habeas petition as intentionally unopposed.

Respondents were ordered to show cause by November 16, 2026 why Petitioner should not be granted the habeas relief he requests. Respondents failed to respond. This Court finds on the current record that Petitioner has proven by a preponderance of the evidence that his detention is unlawful, in violation of the Due Process Clause of the Fifth Amendment, and that he is entitled to the following requested relief as a matter of law[1]. Accordingly, in the absence of a response to the Court's show cause order (*see* dkt. # 3) the Court GRANTS the petition in part and orders his release from custody.

## I. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) The unopposed petition for writ of habeas corpus (Dkt. 1) is GRANTED in part;

(2) Respondents shall release Petitioner **no later than November 25, 2026**, on conditions not to exceed the terms of his initial OREC;

(3) Petitioner's request for injunctive relief (dkt. # 1 ¶¶ 49-53) is GRANTED and Respondents are enjoined from re-detaining Petitioner during the pendency of his removal

[1] Because the Court resolves the petition on Petitioner's third claim (Due Process), it does not need to reach his first and second claims.

proceedings absent advance written notice and a hearing before a neutral decisionmaker, where the Government bears the burden of proving by clear and convincing evidence that changed circumstances establish that Petitioner poses a danger to the community or a flight risk that cannot be mitigated through conditions of release;

(4) Respondents must return to Petitioner any real property, including any personal identification documents (other than a passport) and any employment authorization documentation;

(5) As instructed by the U.S. Attorney's Office, the Clerk will direct copies of this Order to ICE and EOIR at the following email addresses: OPLASeattlefedlit@ice.dhs.gov; TacomaLEOs@ice.dhs.gov; OCIJ.Habeas.Orders@usdoj.gov;

(6) ICE and EOIR shall respond to the email from the Clerk within two business days after Petitioner's release confirming that Petitioner has been released;

(7) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 24th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

EXHIBIT 1

(USAO Letter)

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Charles Neil Floyd*
*Acting United States Attorney*
*Direct Line: (206) 553-4065*

*Seattle Office:*
*700 Stewart Street, Ste 5220*
*Seattle, WA 98101-1271*
*Tel: (206) 553-7970*
*Fax: (206) 553-0582*
*www.usdoj.gov/usao/waw*

*Tacoma Office:*
*1201 Pacific Ave., Ste 700*
*Tacoma, WA 98402-4305*
*Tel: (253) 428-3800*
*Fax: (253) 428-3826*

October 26, 2026

Honorable David S. Estudillo
Chief United States District Judge
United States District Court
Western District of Washington
United States Courthouse
1717 Pacific Avenue, Suite 4410
Tacoma, WA 98402-3200

Re: AUSA Appearances in Immigration Habeas Corpus Cases

Dear Judge Estudillo:

The U.S. Attorney's Office for the Western District of Washington (USAO) represents United States Immigration and Customs Enforcement (ICE), and ICE employees named in their official capacity, in immigration-related habeas corpus cases filed in the Western District of Washington under 28 U.S.C. § 2241.

General Order No. 08-26 was intended to significantly improve and streamline the resolution of immigration-related habeas petitions ("§ 2241 Immigration Petitions") that are being filed in the Western District of Washington. For the most part, the process has increased the expedition and uniformity with which habeas petitions are being resolved to the benefit of petitioners, the government, and the public interest.

Since the General Order was first issued, however, the influx of § 2241 Immigration Petitions has continued to increase. The large volumes of petitions that are being filed, often copying from other petitions, has severely impacted the government's ability to respond to specific petitions that require appreciable attorney time from the USAO to investigate and analyze. It has also negatively impacted the government's ability to respond to other civil litigation filed against the government in the District.

The USAO for the Western District of Washington reviews all these petitions in response to the Court's issuance of a standard scheduling order, and the USAO determines how to respond on behalf of the government, in the interests of justice.

Entering AUSA appearances in each and every such case, however, often initiates protracted litigation and consumes substantial AUSA time, even after the petitioner has been released or received a bond hearing. For example, AUSAs often are required to prepare and file status reports, supplemental briefing, and oppose EAJA motions. More recently, we have all too frequently been required to respond to motions and orders to show cause stemming from what are often technical violations of the scheduling order.

The USAO unfortunately does not have the available resources, at this juncture, to continue entering AUSA appearances in every one of the dozens of § 2241 Immigration Petitions filed each week. Thus, going forward, in order to conserve resources, there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents. On the other hand, for the time being, the USAO will continue to review Petitions and scheduling orders as they are filed, will transmit the scheduling order to the appropriate persons at ICE, and will enter AUSA appearances and file returns to specific petitions as the USAO determines appropriate. However, henceforth, if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition and the Court may proceed to rule on the merits of the petition based on the papers filed by the petitioner. In this latter group of cases, the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case. That said, the USAO reserves the right to enter an appearance in a case on behalf of the government at any time as it deems necessary.

This change is expected to significantly streamline and expedite the resolution of most habeas petitions, providing more discretion to the District Court. To the extent release orders are issued in such cases, they can be e-mailed by the District Court directly to the Northwest ICE Processing Center, pursuant to the process that has already been established.

Please feel free to contact me if you have any questions.

Very truly yours,

CHARLES FLOYD Digitally signed by CHARLES FLOYD
Date: 2026.10.26 15:58:27 -07'00'

CHARLES NEIL FLOYD
Acting United States Attorney
Western District of Washington